### FARRELL v. COOK et al.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

ASSOCIATIONS—OFFICERS—ELECTIONS.

 C., while president of a voluntary association, became a member and officer of another, the constitution of which provided that no member thereof should remain a member of any such organization as the former, under penalty of expulsion. Thereupon, certain members of such former association, alleging that C.'s action had vacated his office therein, although nothing in its constitution or by-laws so provided, proceeded, after a meeting of the association presided over by C. had on regular motion adjourned, to elect F. president; and at the expiration of the term for which C. had been elected, he having been again elected president at a meeting of the association, another meeting was held at which F. presided, and an election took place by virtue of which F. claimed the office. *Held,* that C. continued to be the president, and an action by F. as president of the association, and representing the association, to recover its property from C., and other of its officers, could not be maintained.

Appeal from special term, New York county.

Action by Robert F. Farrell, as president of Lodge No. 6 of the United Order of Carpenters & Joiners of America, against Louis Cook, James J. Ward, Patrick Keating, Edward O'Connell, John Humphreys, and the Union Dime Savings Bank, to recover money deposited in said bank to the credit of the lodge, of which defendant Cook also claimed to be the president, and the other individual defendants claimed to hold other offices. Upon trial by the court, judgment was rendered dismissing the complaint. From the judgment plaintiff appealed. For former report, see 5 N. Y. Supp. 727.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. Delahunty,* for appellant. *Titus Dowling,* for respondents.

DANIELS, J. The plaintiff sued as the president of a voluntary association, known as "Lodge No. 6 of the United Order of American Carpenters and Joiners," to recover possession of the bank deposit book, and a deposit amounting to the sum of $350 in the Union Dime Savings Bank, to the credit of the association. The right to maintain the action depended upon proof that the defendant Louis Cook, who had been elected president of the association, had vacated his office, and become a member of another association called the "Brotherhood of Carpenters and Joiners of America," and intended appropriating the money to the use and benefit of this latter association. The fact that the plaintiff had become the president of Lodge No. 6 was put in issue by the answer, which alleged that the defendant Louis Cook had throughout continued to be the president of that association, and it also denied other allegations of the complaint, essential to the support of the action. By section 3 of

article 2 of the constitution, the elections of the officers of the association were to take place at the last regular meeting in June and December, and by section 1 of the same article they were to hold their offices for the term of six months. The defendant Louis Cook was elected as the president at the last meeting in June, 1888, and was entitled to hold the office until and including the last meeting of the following December. But at a meeting held on the 1st of December, 1888, it was alleged that he had vacated his office by identifying himself as a member and officer of the brotherhood, and that the plaintiff was thereupon elected to fill the office in that manner vacated. Section 4 of the same article of the constitution authorized this election, if, in fact, the office had been vacated. There was proof tending to establish the fact that the defendant Louis Cook had in this manner become identified with the brotherhood, but neither the constitution nor the by-laws vacated his office as president of the lodge on that account. But it did appear from the evidence that he and other members of the lodge were present attending a meeting of the brotherhood during the evening of the 1st of December, and it was while they were so absent that the plaintiff's election took place. But the evidence, though not free from conflict as to the fact, was that a meeting of the lodge had been held in the earlier part of that evening, which was presided over by the defendant Louis Cook, and that such meeting, on regular motion, had been adjourned before this election of the plaintiff. The evidence given by the plaintiff, as well as that of the defendants' witnesses, tended to prove that to be the fact. The preponderance was decidedly with the defense, and from this fact the court could very well conclude, as it did, that the plaintiff had not been elected president of the association; for an election held after the adjournment of the meeting was not an election at all, and conferred no right to the office on the plaintiff. It also appeared from the evidence of the plaintiff that the election proceeded upon the sole fact that the defendant Cook, and the persons acting with him, had previously vacated the room in which the meeting of the association had been held; but it is quite clear that this absence furnished no authority for electing the plaintiff president, for it did not prove that the office in this manner attempted to be filled had been vacated. There was no resignation of the president, and even this witness testified that it was necessary to have the president send in his resignation, while he had done no more than to leave the room in which the meeting had already been held. The constitution of the brotherhood was stated to contain the provision that no member of that organization could remain a member of another local union, or of any other organization of carpenters and joiners, under penalty of expulsion; but this acted only upon the brotherhood organization. It was without effect on the association of Lodge No. 6, and in no way interfered with the official position or membership of the defendant Cook in that lodge; but he remained the president of that association, and continued to act in that capacity. On the last meeting in December, 1888, at which, as the number has been variously stated, there were from 30 to 60 members present, the defendant Cook was again elected the president of the association. This election was by a formal vote cast by one of the officers, which was stated to be the practice when there was no dissent, and there was none at that time; and the minutes of the meeting record the fact of this election, at which the other officers were in the same manner again elected. At another meeting, at which other members of the association were present, held under the presiding action of the plaintiff, on the same evening, Philip Dunn was elected president, and the plaintiff was elected vice-president, of the same association, and, as Philip Dunn soon afterwards died, the plaintiff thereby claimed to succeed to the office of president. But as the office of president had not been vacated by the defendant Cook, or the organization in any form abandoned, this election of the plaintiff was not authorized. The organization was still maintained by the defendant Cook, and the other officers elected with him on the last meet-

ing in June, and they were the persons, therefore, who were empowered to hold the meeting at which a regular election could take place, and they did in fact hold that meeting, and the election was held by it. The plaintiff, therefore, was not the president of the association, and could not represent it in this action in that capacity; and, being so disabled, it would have benefited him in no way, if other evidence which was offered had been received, for it would not have changed this part of the case. If there shall be any attempt to transfer the funds of this association to the brotherhood, it may be prevented or rectified by an action prosecuted by some person or persons authorized to maintain it. The plaintiff as president is not that person; and the judgment should be affirmed, with costs. All concur.